UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DAGMAR Y.,[1] | Case No. 3:20-cv-01482-MK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COMMISSIONER, Social Security Administration, | |
| Defendant. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Dagmar Y. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). The Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 11. For the reasons below, the Commissioner's decision is REVERSED and this case is REMANDED for an immediate payment of benefits.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

## PROCEDURAL BACKGROUND

Plaintiff filed her DIB application in May 2017, with an alleged onset date of September 21, 2016. Tr. 13.[2] Her application was denied initially and upon reconsideration. *Id*. Plaintiff requested a hearing before an ALJ and a hearing was held in May 2019. *Id.* Through her attorney, Plaintiff amended her alleged onset date to November 21, 2016. *Id.* On July 17, 2019, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 13–24. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1–3. This appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 50 years old on her alleged onset date. Tr. 272. She is a high school graduate and has past work experience as a deli clerk, deli assistant, and deli manager in a grocery store. Tr. 78. Plaintiff alleged disability based on degenerative disc disease of the lumbar and cervical spine, fibromyalgia, migraines, depression, and right side sinus disease. Tr. 103–04, 415–16.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's]

---

[2] "Tr." citations are to the Administrative Record. ECF No. 9.

conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that

the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), which is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since her alleged onset date. Tr. 16. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spine, osteoarthritis of the hands, mild arthritis of the right knee, and obesity. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Tr. 18. Before proceeding to the fourth step, the ALJ assessed Plaintiff's RFC. The ALJ found Plaintiff had the RFC to perform light work, with the following limitations:

> She [could] occasionally climb ramps and stairs; but [could] never climb ropes, ladders, or scaffolds; she [could] occasionally balance, stoop, crouch, crawl, and kneel; she [could] frequently finger and handle bilaterally; she should avoid concentrated exposure to extremes of hot and cold, hazards, and vibration.

*Id.*

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 22. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite her impairments. *Id*. The ALJ thus found that Plaintiff was not disabled within the meaning of the Act. Tr. 24.

## DISCUSSION

Plaintiff assigns a host of errors in this social security disability appeal. First, she contends the ALJ erroneously dismissed certain impairments at step two. Second, she asserts the ALJ should have found her disabled under Listing 14.09D. and Listing 11.02. Third, she argues the ALJ improperly rejected her subjective symptom testimony. Fourth, she asserts that the ALJ improperly evaluated the medical opinion evidence of Cory A Ogden, M.D., and Mahnaz Ahmad, M.D. These errors, she argues, resulted in the ALJ failing to meet her burden at step five. *See generally* Pl.'s Opening Br., ECF No. 13.

The Commissioner concedes that the ALJ committed harmful legal error at step two by not properly evaluating Plaintiff's fibromyalgia. Def.'s Mot. Remand 2, ECF No. 19. However, the Commissioner asserts that factual issues make remanding for further administrative proceedings, rather than for an immediate payment of benefits, the appropriate remedy.

In her Reply, Plaintiff correctly notes that the Commissioner "did not substantively address Plaintiff's arguments—particularly with respect to the rejection of Dr. Ahmad's

opinion." Pl.'s Mot. to Am., 2, ECF No. 22. Accordingly, the Court treats the unrebutted assignments of error as to Plaintiff's subjective symptom testimony and the medical opinion evidence as conceded. *Justice v. Rockwell Collins. Inc.*, 117 F.Supp.3d 1119, 1134 (D. Or. 2015) ("if a party fails to counter an argument that the opposing party makes . . . the court may treat that argument as conceded") (citation and internal quotations and brackets omitted), *aff'd*, 720 Fed.Appx. 365 (9th Cir. 2017); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (stating that reviewing courts "will not manufacture arguments for an appellant").

**I.      Remedy**

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an immediate award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even where all the requisites are met, however, a court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Garrison*, 759 F3d at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the

record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (internal quotation marks omitted)).

### A.    Legally Insufficient Reasons for Rejecting Evidence

Here, the first requisite is met based on the ALJ's harmful legal errors. The ALJ failed to provide legally sufficient reasons for rejecting the medical opinion evidence and Plaintiff's subjective symptom testimony.

### B.    Utility of Further Proceedings

As to the second requisite, the Ninth Circuit has held that remanding for proceedings rather than for an immediate payment of benefits serves a useful purpose where "the record has [not] been fully developed [and] there is a need to resolve conflicts and ambiguities." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal quotations and citations omitted). In *Treichler*, the court pointed to "significant factual conflicts in the record between [the claimant's] testimony and objective medical evidence" that compelled remanding for further proceedings as opposed to an immediate payment of benefits. *Id.* at 1105.

Here, other than generally referencing the state agency consultants and "normal physical examination" findings, the Commissioner has failed to direct the Court to any meaningful factual conflicts in the record. Courts in this District have remanded for an immediate calculation of benefits in similar circumstances. *See Richard R. v. Comm'r, Soc. Sec. Admin.*, No. 3:19-cv-00918-MK, 2020 WL 4193114, at *11 (D. Or. July 21, 2020) (collecting similar cases and remanding for an immediate payment of benefits where "the ALJ rejected, at least in part, every medical opinion from a provider that actually treated or examined [the claimant]" and noting that

"the only medical opinion evidence in the record to which the ALJ assigned great weight, were the State Agency consultants who never actually treated or examined [the claimant]")

Moreover, a review of the relevant medical opinion erroneously rejected by the ALJ reveals that the record in this case is fully developed and further proceedings would therefore serve no useful purpose. Dr. Ahmad conducted a physical evaluation of Plaintiff in September 2017 during which he conducted a physical examination, functional assessment, and reviewed relevant medical records. Tr. 21, 601–06. During the assessment, Plaintiff reported her history of chronic pain and migraines that intensified after being in a motor vehicle accident in 2014. *Id.* at 601.

Dr. Ahmad conducted a series of range of motion tests on Plaintiff. As relevant here, the doctor found that Plaintiff had the following range of motion in her back: extension 25 degrees, flexion 90 degrees, and lateral flexion 25 degrees bilaterally. Tr. 604. The ALJ assessed scoliosis of the thoracic spine to the left. *Id.* The doctor also noted "palpable tenderness over the cervical spine was well as the lower thoracic and upper lumber spinal region." Tr. 605.

In her shoulders, Plaintiff had the following range of motion: abduction 150 degrees and adduction 30 degrees bilaterally, extension 50 degrees and flexion 150 degrees bilaterally. Tr. 604. The doctor noted that Plaintiff's "[l]eft shoulder was painful during abduction." *Id.* During straight leg raising testing, Plaintiff experienced pain "on elevation of [her] right lower extremity in the supine position to 70 degrees." *Id.*

The doctor diagnosed Plaintiff with chronic left upper extremity pain, hypertension, and depression. As relevant here, Dr. Ahmad made the following functional assessment regarding Plaintiff's impairments:

> [Plaintiff] needs a proper medical evaluation. Her last MRI of the spine was 2016. Given that the symptoms increased in the last two months it would be beneficial to have repeat imaging of her spine and then be followed up by a neurologist. She may also benefit from physical therapy.
>
> Maximum *standing and walking capacity is up to two hours* in an eight-hour workday. Maximum workday *sitting capacity is up to four hours* in an eight-hour workday.
>
> Maximum *lift, carry, push and pull capacity is less than 10 pounds* occasionally and frequently. Above this her arm starts hurting.

Tr. 605–06 (emphasis added).

### C.  Finding of Disability Required

As to the third requisite, if the discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand based on the Grids, which are an administrative tool on which the Commissioner must rely considering a claimants' RFC. *See Swenson v. Sullivan*, 876 F.2d 683, 688 (9th Cir. 1989). Where the Grids dictate a finding of disability, the claimant is eligible for benefits; and where the Grids indicate that the claimant is not disabled, benefits may not be awarded. *See Cooper v. Sullivan*, 880 F.2d 1152, 1155 (9th Cir. 1989).

Grid Rule 202.14, which the ALJ applied here as a framework for decision-making, directs a finding of non-disability for a worker who is limited to *light work*, is closely approaching advanced age, has a high school education or more, and has no transferable skills. Conversely, Grid Rule 201.14, which Plaintiff contends is applicable here, directs a finding of disability for a worker who is limited to *sedentary work* but otherwise has the same characteristics outlined in Rule 202.14—*i.e.*, age, education, and no transferable skills. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 201.14, 202.14. In other words, if the ALJ had found that Plaintiff was limited to sedentary, as opposed to light work, the Grids would have directed a finding of disability.

Crediting Dr. Ahmad's opinion as true thus results in a finding of disability under the Grids because the doctor's opinion limited Plaintiff to less than a full range of sedentary work—*i.e.*, lifting no more than ten pounds occasionally as well as standing not more than two hours and sitting not more than four hours in an eight-hour workday. Tr. 605–06; *see also* 20 C.F.R. §§ 404.1567(a), 416.967(a) (defining "[s]edentary work," as working involving "lifting no more than 10 pounds at a time and occasionally"); SSR 96-9P, 1996 WL 374185, at *6 (explaining that the full range of sedentary work requires that an individual retain the ability to "stand and walk for a total of approximately 2 hours during an 8-hour workday" and "remain in a seated position for approximately 6 hours of an 8-hour workday"). As the Ninth Circuit has explained, "where application of the grids directs a finding of disability, that finding must be accepted by the [Commissioner]." *Cooper v. Sullivan*, 880 F.2d 1152, 1157 (9th Cir. 1989). As such, the Court concludes that upon remand, and crediting Dr. Ahmad's opinion as true, the ALJ would be required to find Plaintiff disabled under Grid Rule 201.14 thus satisfying the third prong of the credit-as-true framework.

If a court concludes, as in this case, that a claimant meets the three criteria of the credit-as-true standard, the improperly discredited evidence is credited as true and remand for an award of benefits is appropriate unless "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1020–21 (citations omitted). Considering the record as a whole, the Court concludes that there is no reason for serious doubt as to whether Plaintiff is disabled. *Garrison*, 759 F.3d at 1020–21 (citations omitted); *see also Revels v. Berryhill*, 874 F.3d 648, 668 n.8 (9th Cir. 2017) (explaining that where each of the credit-as-true factors is met, only in "rare instances" does the record as a whole leave "serious doubt as to whether the claimant is actually disabled") (citing

*Garrison*, 759 F.3d at 1021). As such, the Court exercises its discretion and credits the erroneously discredited evidence as true and remands this case for an immediate calculation and payment of benefits.

## CONCLUSION

For the reasons above, the Commissioner's decision was not based on substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for an immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this 24th day of February 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
